UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BAKER,<br>Plaintiffs,<br>v.<br>REGENCY CENTERS CORPORATION, *et al.*,<br>Defendants. | Case No. 2:26-cv-0017-TLN-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, an individual who suffers from a sensitivity to light, has filed this action against Regency Center Corporation ("Regency"), which owns and operates the Oakshade Town Center, and Lifeview Technologies, Inc. ("LVT"), who manufactures mobile surveillance units that have blue LED lights. Pending before the court are Regency's and LVT's motions to dismiss. For the following reasons, I recommend that the complaint be dismissed without leave to amend.

**Background**

On December 1, 2025, plaintiff filed a complaint in Superior Court of Yolo against Regency for violations of the ADA, California's Unruh Act, the Disabled Persons Act, and public nuisance. ECF No. 1-3 at 7. Plaintiff alleges that on November 22, 2025, he was driving on a public street when he "was suddenly struck by the intense blue LED lights emanating from the LVT system situated on [Regency's] property." *Id.* at 13. He further alleges that this "discriminatory barrier" preventing him from accessing public streets and "reinforced" his

knowledge that Regency's property remained "not fully accessible due to the continued operation of the LVT system." *Id.* at 13-14.

On January 2, 2026, Regency removed this action, ECF No. 1, and moved to dismiss on January 9, 2026, ECF No. 4. Without leave of court or stipulation, plaintiff filed a first amended complaint on January 22, 2026. ECF No. 5. In the amended complaint, plaintiff added defendant LVT[1] and alleged that he attempted to enter Oakshade, which is owned and operated by Regency, on January 16, 2026, but that LVT "the blue lights stabbed [him] in the eyes and [he] was repelled from entering the shopping center." *Id.* at 9.

**Discussion**

I recommend that this action be dismissed without leave to amend because plaintiff does not have standing. Article III limits federal court jurisdiction to cases and controversies in which a plaintiff has "suffered an injury in fact, caused by the defendant's conduct, that can be redressed by a favorable result." *Langer v. Kiser*, 57 F.4th 1085, 1092 (9th Cir. 2023) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "[A]n injury in fact must be concrete, particularized, and actual or imminent, not hypothetical." *Langer*, 57 F.4th at 1092. A standing analysis depends on the facts as they exist when the complaint is filed. *Id.* "[T]he existence of standing turns on the facts as they existed at the time the plaintiff filed the complaint." *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 838 (9th Cir. 2007). Post-filing events may implicate the related doctrines of mootness or ripeness but generally do not affect standing at the time the complaint was filed. *See Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001); *San Luis & Delta-Mendota Water Auth. v. U.S. Dept. of the Interior*, 905 F.Supp.2d 1158, 1169 (E.D. Cal. 2012).

Here, plaintiff alleges in his initial complaint that he never entered Regency's property and instead was deterred from entering when he saw the lights from his car. After he filed this

---

[1] LVT manufactures a mobile surveillance system. ECF No. 5 at 9. According to the complaint, these systems are "equipped with high-intensity blue LED lights" and the lights are "positioned at eye-level for many drivers and pedestrians." *Id.* Plaintiff alleges that the positioning of these lights creates a "photobiological hazard" and a "discriminatory barrier" for people with light sensitive. *Id.*

case, plaintiff alleges in the amended complaint that he physically attempted to enter Regency's establishment on January 16, 2026, but was deterred because of the alleged barrier. In *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138-39 (9th Cir. 2002), the Court of Appeal held that a plaintiff has standing to challenge barriers in a public accommodation under the ADA when he has actually encountered those barriers. But here, plaintiff tactilely concedes that he did not *encounter* the alleged barrier until January 16, 2026, well after when he initiated this action. Because plaintiff did not have standing to bring this claim when he initiated this action, I find that this action should be dismissed without leave to amend.

Accordingly, it is hereby RECOMMENDED that:

1. Regency defendants' motion to dismiss, ECF No. 7, be DENIED as moot.
2. LVT defendants' motion to dismiss, ECF No. 21, be DENIED as moot.
3. This action be dismissed without leave to amend for failure to assert standing.
4. The Clerk of Court be directed to enter judgment and close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 21, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE