UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BAKER,<br>Plaintiff,<br>v.<br>REGENCY CENTERS CORPORATION, *et al.*,<br>Defendants. | Case No. 2:26-cv-0017-TLN-JDP<br><br>AMENDED FINDINGS AND RECOMMENDATIONS |

Plaintiff, an individual who suffers from a sensitivity to light, has filed this action against Regency Center Corporation ("Regency"), which owns and operates the Oakshade Town Center, and Lifeview Technologies, Inc. ("LVT"), who manufactures mobile surveillance units that have blue LED lights. Pending before the court are Regency's and LVT's motions to dismiss. For the following reasons, I recommend that plaintiff's federal claim be dismissed without leave to amend, and this action be remanded to the Yolo Superior Court.

**Background**

On December 1, 2025, plaintiff filed a complaint in Superior Court of Yolo against Regency for violations of the ADA, California's Unruh Act, the Disabled Persons Act, and public nuisance. ECF No. 1-3 at 7. Plaintiff alleges that on November 22, 2025, he was driving on a public street when he "was suddenly struck by the intense blue LED lights emanating from the LVT system situated on [Regency's] property." *Id.* at 13. He further alleges that this

"discriminatory barrier" preventing him from accessing public streets and "reinforced" his knowledge that Regency's property remained "not fully accessible due to the continued operation of the LVT system." *Id.* at 13-14.

On January 2, 2026, Regency removed this action, ECF No. 1, and moved to dismiss on January 9, 2026, ECF No. 4. Without leave of court or stipulation, plaintiff filed a first amended complaint on January 22, 2026. ECF No. 5. In the amended complaint, plaintiff added defendant LVT[1] and alleged that he attempted to enter Oakshade, which is owned and operated by Regency, on January 16, 2026, but that LVT "the blue lights stabbed [him] in the eyes and [he] was repelled from entering the shopping center." *Id.* at 9.

**Discussion**

I recommend that plaintiff's ADA claim—the sole federal claim—be dismissed without leave to amend because plaintiff lacks standing for that claim.

Plaintiff alleges in his initial complaint that he never entered or attempted to enter Oakshade and instead he was deterred from entering when he saw the blue LED lights from his car. Plaintiff alleges:

> On November 22, 2025, Plaintiff was driving south on Pole Line Road, a public street in Davis, California, when Plaintiff was suddenly struck by the intense blue LED lights emanating from the LVT system situated on the Defendant's property. The resulting eye pain, severe neurological reaction, and psychological trauma constituted an immediate and direct interference with the Plaintiff's full and free use of the city of Davis' public streets, in violation of the Disabled Persons Act (Cal. Civ. Code § 54). Furthermore, this hostile and unavoidable exposure to the discriminatory barrier deterred and precluded Plaintiff from safely accessing the public streets and reinforced the Plaintiff's knowledge that the Defendant's adjacent public accommodation, the Oakshade Town Center, remained not fully accessible due to the continued operation of the LVT system.

ECF No. 1-3 at 13-14.

---

[1] LVT manufactures a mobile surveillance system. ECF No. 5 at 9. According to the complaint, these systems are "equipped with high-intensity blue LED lights" and the lights are "positioned at eye-level for many drivers and pedestrians." *Id.* Plaintiff alleges that the positioning of these lights creates a "photobiological hazard" and a "discriminatory barrier" for people with light sensitive. *Id.*

After this matter was removed, plaintiff filed a first amended complaint, ECF No. 5, in response to Regency's motion to dismiss, ECF No. 4. In the amended complaint, plaintiff alleges that he attempted to enter Oakshade on January 16, 2026, but was deterred because of the alleged barrier. Specifically, the allegations in the amended complaint are:

> When Plaintiff attempted to enter Oakshade on January 16, 2026, the blue LED lights stabbed Plaintiff in the eyes and Plaintiff was repelled from entering the shopping center, which is exactly what the deterrence that the LVT system is designed to do. Thus, Plaintiff was deterred from shopping at Oakshade as a would-be shopper, in violation of the ADA and Unruh.

ECF No. 5 at 9.

The court has two concerns; first, plaintiff failed to allege that he either intended to visit Oakshade previously or in the future and second, that plaintiff attempted to cure this deficiency by attempting to visit Oakshade *after* he filed this lawsuit. The court will address both issues in turn.

The Court of Appeals recently took stock of its ADA jurisprudence and laid out the requirements for standing. It first noted that "a plaintiff bringing a claim under Title III of the ADA must have actual knowledge of an access barrier or ADA violation." *Langer v. Kiser*, 57 F.4th 1085, 1094 (9th Cir. 2023) (citing *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002). And that "the plaintiff need not personally encounter the barrier or physically visit the place of public accommodation." *Id.* (citing *C.R. Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1100 (9th Cir. 2017). But that "a plaintiff must establish a sufficient future injury by alleging that they are either currently deterred from visiting the place of public accommodation because of a barrier, or that they were previously deterred and that they intend to return to the place of public accommodation, where they are likely to reencounter the barrier." *Id.* (citing *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011)).

A plaintiff suing under the ADA can establish injury-in-fact under two different theories. He may demonstrate injury-in-fact by proving a barrier interfered with his full and equal enjoyment of a facility and he had an intent to return to that noncompliant place of public accommodation. *Chapman*, 631 F.3d at 947-49. Or, instead of an intent to return, he may

employ the deterrent-effects doctrine, which requires him to show that he was facing existing non-compliance with the ADA and was deterred, as a result, from revisiting the establishment. *Id.* at 949-50; *Pickern*, 293 F.3d at 1137-38.

"Courts often examine four factors to determine whether a plaintiff had an intent to return: (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Antonio v. Vanareth Kim Yi*, No. 2:14-cv-4323-SVW-AS, 2015 WL 13603781, at *2 (C.D. Cal. Mar. 4, 2015).

Here, plaintiff alleged that he had actual knowledge of the barriers because he saw them from his car, and that he did not personally encounter the barrier until he entered Oakshade in January 2026. But plaintiff's allegations fall short of the final standing hurdle: that he was currently or previously deterred from visiting Oakshade. The allegations do not state that plaintiff planned to go to Oakshade but was deterred because of the barrier he noticed from the street. Nor do the allegations state that he intended to go to Oakshade in the future but was deterred by the barrier. Instead, the complaint alleges that the "discriminatory barrier deterred and precluded Plaintiff from safely accessing the public streets." ECF No. 1-3 at 13.

Moreover, on a theory under the "deterrent effect doctrine," the allegations undermine plaintiff's intent to return. The complaint is silent as to the proximity of Oakshade to plaintiff's residence, his plans to return, whether he patronized Oakshade in the past, or the frequency with which he travels near Oakshade. Because plaintiff did not allege that he had a current or previous intent to visit Oakshade, he did not have standing at the time of filing his complaint.

The second issue is plaintiff's attempt to cure this issue by alleging in an amended complaint that he attempted to enter Oakshade in January 2026. While plaintiff might have had standing to bring a case after his January visit, a standing analysis depends on the facts as they exist when the initial complaint is filed. *See Langer*, 57 F.4th at 1092; *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 838 (9th Cir. 2007) ("[T]he existence of standing turns on the facts as they existed at the time the plaintiff filed the complaint."). Post-filing events generally do not affect standing at the time the complaint was filed. *See Clark v. City of Lakewood*, 259 F.3d

996, 1006 (9th Cir. 2001); *San Luis & Delta-Mendota Water Auth. v. U.S. Dept. of the Interior*, 905 F.Supp.2d 1158, 1169 (E.D. Cal. 2012). Here, plaintiff's newly supplied allegations of his attempt to enter Oakshade in January 2026, *after* he initiated this case in December 2025, cannot remedy the standing issue that arose at the time of filing.

Because plaintiff did not have standing to bring this claim when he initiated this action, I recommend that plaintiff's federal ADA claim should be dismissed without leave to amend.

Accordingly, because the court does not have jurisdiction over plaintiff's singular federal claim, I recommend that the remaining state law claims be remanded. *See ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989) (noting that remand is proper when there is no federal subject-matter jurisdiction because state courts are not bound by the constraints of Article III); *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

Accordingly, it is hereby ORDERED that the August 21, 2026 Findings and Recommendations, ECF No. 26, are hereby WITHDRAWN.

Further, it is hereby RECOMMENDED that:

1. Regency defendants' motion to dismiss, ECF No. 7, be DENIED as moot.
2. LVT defendants' motion to dismiss, ECF No. 21, be DENIED as moot.
3. Plaintiff's ADA claim be DISMISSED for lack of standing.
4. This action be remanded to Yolo County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within 14 days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 31, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE